**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1456-16T2

PNC BANK, N.A.,

      Plaintiff-Respondent,

v.

ERIC G. HUTTON,

      Defendant-Appellant,

and

HOUSEHOLD FINANCE
CORPORATION, III,

      Defendant.

_____

Submitted October 31, 2018 – Decided November 16, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-058972-09.

Eric G. Hutton, appellant pro se.

Ballard Spahr, LLP, attorneys for respondent (William J. DeSantis, on the brief).

PER CURIAM

Defendant Eric G. Hutton appeals from three separate orders: a December 30, 2014 order granting summary judgment in favor of plaintiff PNC Bank, N.A., an April 28, 2015 order denying reconsideration,[1] and a September 2, 2016 order allowing the filing of an amended complaint. We affirm.

The facts relevant to this matter are straightforward. In 2003, defendant borrowed $104,600 from the Flagship Mortgage Corporation (Flagship) to buy a home in Burlington County. Defendant executed a note and mortgage to secure the loan. Flagship gave a limited power of attorney to National City Mortgage Company (NCMC) to execute assignments and endorse notes on Flagship's behalf. In 2005, Flagship assigned defendant's mortgage to NCMC, and NCMC recorded the assignment on July 27, 2005. In December 2008, NCMC and defendant entered into a loan modification agreement, with an effective date of January 1, 2009.

---

[1] Defendant included this order in his notice of appeal. However, he failed to brief the denial of his reconsideration motion. On appeal, the failure to brief an issue constitutes a waiver of that issue. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

The parent companies of PNC Bank, N.A. and NCMC merged. As a result, on November 6, 2009, PNC Bank, N.A. merged with National City Bank.

Defendant defaulted on his mortgage obligation on June 1, 2009. Plaintiff filed a foreclosure complaint on November 9, 2009.

The procedural history in this matter is less straightforward. In March 2010, defendant answered the complaint. In his answer, defendant did not deny borrowing the money, executing the note and mortgage, or defaulting on the loan.

Plaintiff filed a motion for summary judgment, which was granted on November 29, 2010. Defendant moved to vacate that order in February 2011. On March 18, 2011, the court vacated the summary judgment order because plaintiff "could not prove [NCMC]'s employee was authorized to assign the mortgage." Thereafter, the parties were permitted to engage in discovery on the issue of plaintiff's standing to foreclose. Defendant propounded interrogatories, and plaintiff responded.

On October 16, 2014, plaintiff renewed its motion for summary judgment. In the refiled motion, plaintiff provided the assignment of mortgage, the power of attorney, various business records related to the loan and mortgage documents, and proof that NCMC merged with plaintiff. Defendant opposed

the motion, arguing plaintiff failed to respond to his discovery demands, and the standing issue remained unresolved. Defendant also filed a cross-motion, seeking to dismiss plaintiff's complaint for failure to provide discovery.

On December 30, 2014, the judge granted plaintiff's motion for summary judgment, finding "the unrebutted proofs are that [NCMC]'s employee had the authority to assign the mortgage [on behalf of Flagship] as indicated through the limited power of attorney." The judge explained defendant "now has the requested proofs, including the limited power of attorney," which "resolve[d] the issue of standing." The judge also denied defendant's cross-motion because defendant acknowledged plaintiff provided discovery responses in November 2011. Defendant filed a motion for reconsideration, which was denied.

On February 18, 2016, plaintiff filed a motion seeking to substitute PNC Bank, N.A. and to amend the complaint to include the loan modification agreement signed by defendant. Defendant opposed the motion. However, he misfiled his opposition with the Office of Foreclosure instead of the Burlington County Clerk's Office. The Office of Foreclosure instructed defendant to file the opposition with the Burlington County Clerk's Office within ten days. Defendant then submitted opposition to the appropriate office; however, defendant's submission lacked the required signature, and was returned with the

stamp "[r]eceived but not [f]iled." Defendant attempted to correct the deficiency, but sent the corrected paperwork to the Office of Foreclosure rather than the Burlington County Clerk's Office. As a result, plaintiff's motion was granted as unopposed.

Plaintiff filed an amended complaint on March 29, 2016. Default was entered on May 12, 2016, and plaintiff applied for a final judgment of foreclosure.[2]

In July 2016, defendant filed a motion to vacate the order permitting plaintiff to file an amended complaint. Plaintiff opposed defendant's motion, and the court heard argument on September 2, 2016.

The judge denied defendant's motion regarding the amended complaint. The judge concluded the Office of Foreclosure properly allowed the filing of an amended complaint because defendant failed to follow its express instructions regarding where, when, and how to file his opposition papers. Despite defendant's failure to properly file opposition to the motion to amend, the judge considered defendant's requested relief on the merits. The judge found the amended pleading included details of the mortgage assignment and loan modification agreement omitted from the original complaint. The judge

---

[2] A final judgment of foreclosure was entered on October 28, 2016.

A-1456-16T2

determined the amended complaint also reflected plaintiff as successor by merger to National City Bank, which was the successor by merger to NCMC.

The judge rejected defendant's claim that the amended complaint was an improper attempt to circumvent relevant statute of limitations. The judge concluded the amended complaint was filed within the applicable period of limitations governing foreclosure actions. See N.J.S.A. 2A:50-56. Pursuant to the statute, the judge determined plaintiff had until May 1, 2029 to file a foreclosure complaint. In addition, the judge found the amendments to the complaint were "necessary to reflect the proper [p]laintiff in interest and details of the previously omitted loan modification agreement[,]" and therefore the amended pleading was "not futile."

On appeal, defendant contends the second summary judgment order, entered on December 30, 2014, was erroneous because plaintiff lacked standing to file the foreclosure action. Defendant also claims the September 2, 2016 order, allowing the filing of an amended complaint, was in error.

We first address defendant's argument that plaintiff failed to prove standing to file the foreclosure complaint and seek judicial relief, including summary judgment. We review a trial court's grant of summary judgment under the same standard as the motion court. Globe Motor Co. v. Igdalev, 225 N.J.

469, 479 (2016). A trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). When determining whether a genuine issue of material fact exists, a motion court must consider whether competent evidence presented, "viewed in the light most favorable to the non-moving party[,]" is sufficient to allow a rational factfinder "to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

To obtain relief in a mortgage foreclosure action, the mortgagee (or its successor in interest) must establish the following: (1) the mortgage and loan documents are valid; (2) the mortgage loan is in default; and (3) it has the contractual right to foreclose in light of the default. See, e.g., Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). The mortgagee has the right to insist upon strict observance of the obligations owed to it, including timely payment. Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973).

A-1456-16T2

Here, it is undisputed that defendant executed the note and mortgage, the mortgage and assignments were recorded, defendant defaulted on the note, and defendant has not paid on the loan since June 2009. The dispute is whether plaintiff has standing to pursue foreclosure.

In general, three parties have standing to enforce negotiable instruments such as mortgages and promissory notes: (1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument. See N.J.S.A. 12A:3-301. We have held that "either possession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. Americas v. Mitchell, 422 N.J. Super. 214, 216, 225 (App. Div. 2011)).

Plaintiff certified it had possession of the original note prior to filing the foreclosure complaint and produced the original note. As holder of the note, under both the statutory and case law, plaintiff is entitled to enforce the note and seek foreclosure.

As part of the renewed summary judgment motion, plaintiff provided a certification from an employee who had personal knowledge of plaintiff's

business records and retention of those records. See R. 1:6-6. The employee attested to defendant's execution of the note and mortgage, the limited power of attorney granted by Flagship to NCMC, and the assignment of the note to plaintiff. In addition, the employee certified to the truth and accuracy of the documents supporting the second summary judgment motion, including: the note, mortgage, power of attorney, assignment, recording documents, merger documents, delinquency notice, and foreclosure notice. Thus, plaintiff demonstrated it had the requisite standing to pursue foreclosure.

Having concluded plaintiff had standing to file the foreclosure action, we turn to defendant's claim that summary judgment was improper. First, defendant argues he is entitled to dismissal of the foreclosure complaint based on an administrative dismissal issued by the Office of Foreclosure on October 17, 2014. Rule 4:64-8 requires the plaintiff in a foreclosure case to take action within twelve months of filing the complaint. If a plaintiff does not take action within that time period, the Office of Foreclosure issues a written notice advising the plaintiff to file proof of service, proof of an answer, or certification of exceptional circumstances within thirty days. Failure to take action will result in the dismissal of the matter without prejudice.

Here, the administrative dismissal was in error because plaintiff served defendant with the foreclosure complaint, defendant filed an answer, and plaintiff filed for summary judgment within a year of the initial filing. The Office of Foreclosure, recognizing the dismissal notice was issued in error based on plaintiff's prosecution of the foreclosure matter, properly vacated the dismissal.

Next, defendant argues summary judgment was improper because the foreclosure action should have been dismissed based on the doctrine of laches.[3] The doctrine of laches operates as an "affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party." Fox v. Millman, 210 N.J. 401, 417 (2012) (quoting Cnty. of Morris v. Fauver, 153 N.J. 80, 105 (1998)).

Having reviewed the record, we are satisfied the doctrine of laches is inapplicable. Here, while there was a three-year period of inactivity, the delay occurred because defendant successfully vacated the original summary

---

[3] We note defendant failed to raise the laches argument before the trial court. See R. 2:10-2. Although we may decline to consider issues raised for the first time on appeal, because defendant is self-represented, we address the argument on the merits. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

judgment order, and the judge directed the parties to exchange discovery on the standing issue.

Defendant propounded discovery, and plaintiff responded. Upon the expiration of the discovery period, plaintiff renewed its motion for summary judgment. Defendant's failure to seek more specific discovery if he deemed plaintiff's responses inadequate to resolve the standing issue does not render any delay in plaintiff's exercise of its rights "unexplained" or "inexcusable." In fact, defendant benefitted from the delay because he continued to live in his home without paying the mortgage, taxes, or homeowners' insurance for more than three years. Defendant has neither argued nor shown any prejudice as a result of the period of inactivity to invoke the doctrine of laches.

We next consider defendant's claim the court erred in allowing the filing of an amended complaint. Defendant argues PNC Bank, N.A. should have been designated as the original plaintiff, and substitution was improper under Rule 1:34-6(4).

Motions to amend pleadings are liberally granted, and the determination is left to the discretion of the trial court. Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012); R. 4:9-1. Courts consider two factors regarding a motion to amend: prejudice to the non-moving party and

A-1456-16T2

the usefulness of the proposed amendment.  Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

The Office of Foreclosure permits substitution of plaintiffs and amendment of complaints in accordance with Rule 1:34-6(7).  Defendant argues he was prejudiced by the filing of the amended complaint because he was unable to assert a statute of limitations defense.  In reviewing the order allowing the amended complaint, the judge held plaintiff's amended complaint was filed within the applicable statute of limitations.  See N.J.S.A.  2A:50-56.1.  Therefore, defendant was not prejudiced by the amended pleading.  The judge also determined the substitution of plaintiff was necessary to reflect the proper party in interest and the loan modification agreement added necessary details in support of the foreclosure action.  See R. 4:64-1(a) and (b).

Based on these facts, the Office of Foreclosure did not err in allowing plaintiff to file the amended complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1456-16T2